UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS,<br><br>        Plaintiff,<br><br>   v.<br><br>J. BAL, et al.,<br><br>        Defendants. | No. 2:13-cv-2145-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

28 U.S.C. § 1915(g).  Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* (1) *Hollis v. Mazon-Alec*, 1:03-cv-6842-REC-DLB P (E.D. Cal. Jan. 27, 2005) (order dismissing action for failure to state a claim); (2) *Hollis v. Villanueus*, 3:07-cv-04538 (N.D. Cal. Feb. 2, 2009) (order dismissing action for failure to state a claim); (3) *Hollis v. Villanueus*, 08-15523 (9th Cir. Aug 26, 2009) (order dismissing appeal after district court found appeal to be frivolous), (*see Hollis v. Villanueus*, 3:07-cv-04538 (N.D. Cal.) (Apr. 7, 2009 order denying application to proceed in forma pauperis on appeal as frivolous)); *see also Hollis v. Downing*, No. 2:09-cv-3431-MCE-KJN, 2010 U.S. Dist. LEXIS 130441 (E.D. Cal. Dec. 8, 2010), *adopted by* 2011 U.S. Dist. LEXIS 14078 (E.D. Cal. Feb. 10, 2011) (designating plaintiff a three-strike litigant).

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing).  Plaintiff allegedly suffers from gastroesophogeal reflux disease, hypertension, chronic low back pain, degenerative disc disease disorder, shoulder pain, bilaterally flat feet, and impaired vision.  ECF No. 1, ¶¶ 7, 8.  He claims he was previously prescribed permanent chronos to accommodate these conditions.  *Id.* ¶ 10.  Despite the chronos, plaintiff claims he was denied waist restraints and orthotic boots from October 13, 2011 until June 20, 2012.  *Id.* ¶¶ 14, 19.  He claims he was again denied orthotics on June 28, 2012.  *Id.* ¶ 23.  On June 21, 2013, however, defendant "ordered for plaintiff to be accommodated with orthotic shoes for 12 months, glasses for 12 months, and a[n] extra pillow and to be cuffed with waist chains both for 12 months."  *Id.* ¶ 22.  In the complaint, plaintiff claims to be "under imminent danger of serious physical injury" and that he "is currently being denied any reasonable accommodations for his medical conditions and disabilit[ies]."  *Id.* ¶ 46.  This allegation is not sufficient to constitute facts showing a current imminent danger.  Plaintiff specifically alleges that he was denied certain medical accommodations in 2011 and 2012.  He admits that in 2013, those

1  accommodations were restored.  Plaintiff cannot meet the "imminent danger" exception to section
2  1915(g) based on circumstances alleged to have existed well before the filing of the complaint.
3  In this case, the imminent danger exception does not apply.

4      Because plaintiff has not paid the filing fee and is not eligible to proceed in forma
5  pauperis, this action must be dismissed.

6      Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed in forma
7  pauperis is denied and this action is dismissed without prejudice to re-filing upon pre-payment of
8  the $400 filing fee.  *See* 28 U.S.C. §§ 1914(a), 1914 (District Court Miscellaneous Fee Schedule,
9  No. 14), 1915(g).

10 DATED: May 19, 2014.

                                      EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE