UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS, | No.  2:13-cv-2145-EFB P |
| Plaintiff, | |
| v. | ORDER |
| J. BAL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  On May 20, 2014, the court determined that plaintiff was barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g) and dismissed the action without prejudice to re-filing upon prepayment of the $400 filing fee.  ECF No. 6.  Plaintiff seeks reconsideration of that order, citing to Federal Rules of Civil Procedure 59(e) and 60(b).  ECF Nos. 8, 9, 10.

Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988); *see also 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord School Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Courts construing Federal Rule of Civil Procedure 59(e) have noted that a motion to reconsider is not a

1

vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); *see also F.D.I.C. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986); *Keyes v. National R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Costello*, 765 F. Supp. at 1009.

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

In addition, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

Plaintiff claims that the court erred in counting *Hollis v. Villanueus*, 09-15523 (9th Cir. Aug 26, 2009) as a strike because the appeal was actually dismissed for failure to prosecute, and not for failure to state a claim. ECF No. 9. In the *Villanueus* case, however, the district court expressly found that plaintiff's appeal was frivolous. The appellate court then denied plaintiff's application for leave to proceed in forma pauperis, and subsequently dismissed the appeal for failure to prosecute after plaintiff failed to pay the filing fee or show cause why the judgment

2

1   challenged on appeal should not summarily affirmed.  *See Hollis v. Villanueus*, 09-15523 (9th
2   Cir.) (orders dated July 30, 2009 and August 26, 2009).  The order of dismissal, though styled as
3   one for failure to prosecute, qualifies as a strike.  *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th
4   Cir. 2008) (complaint is "dismissed" for purposes of § 1915(g) even if court styles such dismissal
5   as denial of the prisoner's application to file the action without prepayment of the full filing fee);
6   *see also, e.g., Lamon v. Junious*, No. 1:09-cv-00484-AWI-SAB, 2014 U.S. Dist. LEXIS 9778, at
7   *9-10 (E.D. Cal. Jan. 27, 2014) (dismissal of appeal for failure to prosecute counted as "strike"
8   where underlying ground for dismissal was that appeal was frivolous); *Thomas v. Beutler*, No.
9   2:10-cv-01300 MCE CKD P, 2012 U.S. Dist. LEXIS 159943, at *5-6 (E.D. Cal. Nov. 6, 2012)
10  (same, and citing similar cases); *Braley v. Wasco State Prison*, No. 1:07-cv-01423-AWI-BAM,
11  2012 U.S. Dist. LEXIS 133285 (E.D. Cal. Sept. 14, 2012) ("Plaintiff became subject to section
12  1915(g) . . . when the appeal of the dismissal of his third action as frivolous was dismissed for
13  failure to prosecute"); *see also Hollis v. Downing*, No. 2:09-cv-3431-MCE-KJN, 2010 U.S. Dist.
14  LEXIS 130441 (E.D. Cal. Dec. 8, 2010), *adopted by* 2011 U.S. Dist. LEXIS 14078 (E.D. Cal.
15  Feb. 10, 2011) (designating plaintiff a three-strike litigant, counting *Hollis v. Villanueus*, 09-
16  15523 (9th Cir. Aug 26, 2009) as a strike, and relying on *Ruff v. Ramirez*, 2007 WL 4208286 *5
17  (S.D. Cal. 2007) (dismissal for failure to prosecute by itself is not within ambit of Section
18  1915(g); however, such dismissal qualifies as a strike when it is based upon plaintiff's failure to
19  file amended complaint after court dismissed original complaint as frivolous and afforded
20  plaintiff leave to amend)).

21        Plaintiff also disputes the finding that he does not meet the "imminent danger" exception
22  to section 1915(g).  He argues that he qualifies for the exception because, at the time he filed the
23  complaint, he was being denied orthotic shoes, which caused him to experience "serious pain."
24  ECF No. 8.  Assuming plaintiff had included that allegation in the complaint, which he did not, it
25  fails to satisfy the imminent danger exception.  Apart from the question of whether he currently
26  has such shoes, plaintiff alleged in the complaint that he had pain in his feet when standing for
27  "extended periods" and that provision of orthotic boots improves his quality of life and reduces
28  the pain.  ECF No. 1, ¶¶ 11-12.  However, plaintiff did not allege that he is ever made to stand for

1 extended periods of time.  While plaintiff may be more comfortable in his orthotic shoes, he has
2 not plausibly shown that without them, he is under imminent danger of serious physical injury.
3      Accordingly, IT IS HEREBY ORDERED that the court's May 20, 2014 order (ECF No.
4 6) is confirmed, and the Clerk of the Court shall terminate plaintiff's motions for reconsideration
5 (ECF Nos. 8, 9, 10).
6 DATED: August 4, 2014.

       EDMUND F. BRENNAN
       UNITED STATES MAGISTRATE JUDGE

4