UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

Plaintiff,

v.

J. BAL, et al.,

Defendants.

No. 2:13-cv-2145-MCE-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. The court must screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Additionally, plaintiff has filed a motion for preliminary injunction. As discussed below, plaintiff's complaint must be dismissed with leave to amend and the motion for preliminary injunction must be denied.

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1

1  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
2  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th
3  Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
4  meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*,
5  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute*
6  *on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490
7  U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded,
8  has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Screening Order

Plaintiff alleges that he suffers from various medical conditions and disabilities that require certain accommodations to minimize the pain he experiences when standing for extended periods of time and to accommodate his limited mobility during episodes of acute pain. ECF No. 1 at 6-7. Plaintiff contends that he was previously given "permanent" accommodations for his conditions, including orthopedic boots, eyeglasses, an eggcrate mattress, a pillow, and an order allowing him to be cuffed only with waistchains. *Id.* at 7. From October 13, 2011 to June 20, 2012, however, defendant Moghaddam denied plaintiff orthopedic boots and an order for waistchains. *Id.* at 9-11. This allegedly interfered with plaintiff's access to yard, showers, and the library. *Id.* at 9. Plaintiff allegedly notified defendants Sahota, Bal, and Daye about his need for these accommodations, but they did not respond. *Id.* at 11. Then on June 28, 2012, defendant Sahota allegedly refused to accommodate plaintiff with orthopedic boots, which caused plaintiff pain and further denied him access within the prison. *Id.* at 12-13. Plaintiff notified defendants Bal, Bodenhamer, Daye, and Hamkar about his pain and his need for accommodations, but they too denied the request. *Id.* at 15, 17-18.

The court finds that the allegations in the complaint are insufficiently detailed to state a cognizable claim. First, plaintiff's allegations lack sufficient detail to establish deliberate indifference. He claims that each of the defendants denied the requested accommodations, but it is unclear what rationale underlay their decisions. Deliberate indifference requires a showing that the defendant, acting with a state of mind more blameworthy than negligence, denied, delayed, or interfered with the treatment of plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 106. Absent some indication as to what reasons each defendant gave for rejecting the requested accommodations, it is impossible to determine from plaintiff's factual allegations whether any of them acted with deliberate indifference or mere

/////

/////

negligence.[1]  Second, plaintiff's complaint fails to state a claim under the Americans with Disabilities Act because none of the allegations suggest that any defendant denied accommodations because of some ulterior, discriminatory motive. *See Roe v. Cal. Dep't of Developmental Servs.*, No. 16-CV-3745-WHO, 2017 U.S. Dist. LEXIS 81493, *20-21 (N.D. Cal. May 26, 2017) (holding that an ADA claimant "must plead facts that show discrimination on the basis of her disability, not that she is disabled and has been subject to any constitutional violation.").

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

---

[1] Plaintiff does allege that defendants "acted with a culpable state of mind to a foreseeable risk of serious harm to plaintiff's health and safety and disregarded those risk[s] by refusing to take reasonable measures to abate those risk[s]." *Id.* at 19. This conclusory allegation is not supported by any specific details, however. For example, plaintiff provides no allegations regarding how often he would experience "episodes of acute pain," be subject to handcuffs, or be required to stand for a prolonged period of time, such that the denial of the requested accommodations actually created a risk of serious harm to plaintiff. Thus, it is unclear how any defendant became aware of any serious risk to plaintiff and disregarded it.

4

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

### Preliminary Injunctive Relief

Plaintiff also seeks injunctive relief. However, he fails to meet the minimum threshold for merit to satisfy the standard for a preliminary injunction.[2] At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his complaint must be dismissed and at present he has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motion for injunctive relief must be denied.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; AND
2. Failure to comply with this order may result in dismissal of this action.

/////

---

[2] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. NRDC*, 555 U.S. 7, 20 (2008)).

Further, IT IS RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 26) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 11, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE