UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,

v.

J. BAL, et al.,

    Defendants.

No. 2:13-cv-2145-MCE-EFB P

ORDER

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. On October 11, 2018, the court dismissed his initial complaint with leave to amend after finding that it failed to state a cognizable claim. ECF No. 27. Now, plaintiff has filed a first amended complaint (ECF No. 34) and the court must screen it.

Screening

I.    Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

1

*Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

In his amended complaint, plaintiff alleges that he suffers from "chronic low[er] back pain, degenerative disk disorder, impingement syndrome, and bilaterally flat feet." ECF No. 34 at 8. Plaintiff states that, as a consequence of these ailments, he suffers pain in his feet and back and has mobility issues. *Id.* On some unspecified date, plaintiff was prescribed orthotic shoes and a special mattress. *Id.* Corrections officers were also directed to restrain him only with "waistchains/restraints." *Id.* Plaintiff now claims that each of the defendants – Bal, Sahota, Bodenhamer, Moghadden, and Daye[1] – were notified of the foregoing ailments and restrictions during the time-period ranging from October 13, 2011 through June 20, 2012. *Id.* He alleges
/////

---

[1] Hamkar, alone among the defendants, is not listed here. It is unclear whether this omission was intentional.

2

that these defendants "purposefully denied and allowed plaintiff to be denied" the foregoing prescriptions. *Id.* at 8-9.

The amended complaint is insufficiently specific and, thus, deficient. Over the course of approximately ten pages, plaintiff is content to repeat legal conclusions. He states, for instance, that defendants "interfered with my prescribed treatment by denying and allowing plaintiff to be accommodated with a valid order to be accommodated with waist restraints and orthopedic boots . . ." *Id.* at 10. Putting aside the confusion inherent in the phrase "denying and allowing," this is little more than the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has held is insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff never explains the rationale defendants invoked to rescind his prescriptions. He does note that defendants "told plaintiff that because changes were made[,] accommodation chrono's will be denied no matter if such chrono's were prescribed by a specialist . . ." *Id.* at 11. But this is insufficient insofar as the reader is left to guess at what "changes" plaintiff is referencing. Elsewhere, plaintiff alleges that defendants Bodenhamer and Hamkar chose medical care that "was unreasonable under the circumstances and . . . in conscious disregard of a[n] excessive risk to plaintiff's health." *Id.* at 13. He makes no effort to explain the specifics of this allegedly inadequate care.

The complaint is replete with other vague statements and legal conclusions, but it is unnecessary to belabor the point. Absent more specific allegations, the court cannot discern a cognizable claims for deliberate indifference.[2] Nor does the complaint put each defendant on notice of the specific claims against them as required by Rule 8 of the Federal Rules of Civil Procedure.[3]

---

[2] As the court noted in its previous order dismissing the initial complaint, deliberate indifference requires a showing that the defendant, acting with a state of mind more blameworthy than negligence, denied, delayed, or interfered with the treatment of plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 106.

[3] Federal Rule of Civil Procedure 8 provides: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a

3

Plaintiff will be given one *final opportunity* to amend to correct the foregoing deficiencies.

III.  Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing

---

short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 34) is dismissed with leave to amend within 30 days from the date of service of this order; and

2. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: November 26, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE