UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. BAL, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:13-cv-2145-MCE-JDP (P)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS (1) TO COMPEL ARBITRATION; (2) TO SET A SETTLEMENT CONFERENCE; (3) AND FOR SANCTIONS<br><br>ECF Nos. 56, 64, 77<br><br>FINDINGS AND RECOMMENDATIONS THAT THE COURT DENY PLAINTIFF'S MOTIONS FOR (1) PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND (2) FOR DEFAULT JUDGEMENT<br><br>ECF Nos. 58, 62 |

　　　　Plaintiff, a state prisoner proceeding without counsel, has filed five motions that are addressed herein.

**I.　　Motions to Compel Arbitration and Set a Settlement Conference**

　　　　First, plaintiff has filed two motions that collectively request that defendants be compelled to participate in arbitration and that a settlement conference be set.[1]  ECF Nos. 56, 77.  But

---

[1] In one motion, plaintiff requests that a "discovery order" issue if a settlement conference is not set.  ECF No. 77 at 2.  That request is granted, and a discovery and scheduling order will be

1

plaintiff does not claim, much less establish, that the parties have entered into an enforceable arbitration agreement. *See Lifescan Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1011-12 (9th Cir. 2004) (holding that contract principles govern arbitration and that "the district court's role is limited to determining whether a valid arbitration agreement exists . . . ."). Consequently, there is no basis for ordering defendants to arbitrate plaintiff's claims. I also decline to set a settlement conference. Defendants oppose the request for a settlement conference, arguing that plaintiff's claims lack merits. ECF No. 79, 80. Given defendants' position, a court-facilitated settlement conference would likely be unproductive at this time and a waste of scarce judicial resources. These motions, ECF Nos. 56, 77, are therefore denied.

## II.    Motion for Sanctions

Plaintiff has filed a motion for sanctions asking that defendant Sahota be ordered to reimburse him the $3.50 he incurred in preparing and mailing a motion for default judgment. ECF No. 64. He contends that the court's September 23, 2020 order required all defendants to file a waiver of service by November 25, 2020, and that Sahota has not complied. *Id*. at 1-2. He further claims that had Sahota filed a waiver of service, plaintiff would not have prepared and filed his January 4, 2021 motion for default judgment. *Id*. at 2.

Plaintiff's position is based on an erroneous reading of the court's September 23 order. That order required the California Attorney General's Office to file a waiver of service for any defendant who is waiving service of process. ECF No. 50 at 6. Sahota, unlike the other defendants, is not represented by the California Attorney General's Office. Consequently, that office could not file a waiver on Sahota's behalf. Accordingly, there is no basis for finding that Sahota violated the September 23 order. Furthermore, and as discussed below, plaintiff's motion for default judgment against Sahota lacks merit. Plaintiff's motion for sanctions, ECF No. 64, is denied.

---

issued in due course.

2

### III. Motion for Default Judgment

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Prior to plaintiff filing his motion for default judgment, Sahota filed a motion for an extension of time to file an answer, which was granted. ECF Nos. 61, 65. Thereafter, he timely sought a second extension of the deadline for filing an answer. That motion was also granted, and Sahota was ordered to file his answer by no later than February 26, 2021. ECF Nos. 69, 72. He timely filed his answer on that date. ECF No. 76. Thus, Sahota has not failed to defend against plaintiff's claims. I therefore recommend that plaintiff's motion for default judgment, ECF No. 62, be denied.

### IV. Motion for Preliminary Injunction

Finally, plaintiff has filed a motion for preliminary injunction asking that he be provided therapeutic shoes and a podiatrist appointment. ECF No. 58 at 3. The motion should be denied.

The allegations in this case concern events that occurred in 2011 and 2012, when defendants allegedly withheld medical accommodations to which plaintiff was entitled, including orthotic shoes, an eggcrate mattress, and eyeglasses. ECF No. 49 at 8. By contrast, the issues raised in the current motion for preliminary injunction are alleged to have occurred in 2018. ECF No. 58 at 3. First, plaintiff alleges that, on July 31, 2018, he received insoles instead of the orthotic shoes he had been prescribed. *Id.* Second, plaintiff states that on May 29, 2018, his primary care physician referred him to a podiatrist, but that appointment has not been kept. *Id.* at 7-8.

Plaintiff's motion should be denied because the relief requested in the motion for preliminary injunction is insufficiently related to the claims at issue in this case. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("A preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted."). The violations plaintiff now seeks to injunctively redress occurred six years after the claims at issue in the complaint. They must be addressed, if at all, in a separate action.

3

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motions to compel arbitration and to set a settlement conference, ECF Nos. 56 & 77, are denied.
2. Plaintiff's motion for sanctions, ECF No. 64, is denied.

Further, it is RECOMMENDED that:

1. Plaintiff's motion to for default judgment, ECF No. 62, be denied.
2. Plaintiff's motion for preliminary injunction and temporary restraining order, ECF No. 58, be denied.

I submit these findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, the parties may file written objections with the court. If the parties file such objections, they should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations."

IT IS SO ORDERED.

Dated:   August 19, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE