UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

Plaintiff,

v.

J. BAL, *et al.*,

Defendants.

Case No. 2:13-cv-02145-MCE-JDP (PC)

FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED

ECF No. 87

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND TO MODIFY THE SCHEDULING ORDER AND DENYING HIS MOTION FOR A PROTECTIVE ORDER

ECF Nos. 93 & 100

Plaintiff has three motions pending before this court. First, he moves to enjoin officials to provide him with adequate supplies of paper with which to litigate his case. ECF No. 87; *see also* ECF No. 92 (supplementing plaintiff's motion for injunctive relief). Second, plaintiff has filed a motion both to modify the October 4, 2021 scheduling order and to extend the deadline to respond to defendants' discovery requests, again citing his lack of adequate paper. ECF No. 100. Finally, he moves for a protective order, asking that he not be required to produce medical records or answer deposition questions related to those records. ECF No. 93. Defendants oppose plaintiff's motion for injunctive relief and his motion for a protective order; they have not filed a response to his motion to modify the scheduling order. ECF Nos. 98, 99.

**Motion for Injunctive Relief**

Plaintiff alleges that he has been unable to obtain "white writing paper or special paper for legal purposes" from either the law library or the canteen at Salinas Valley State Prison ("SVSP"), where he is housed. *Id.* He seeks an injunction under the All Writs Act, 28 U.S.C. § 1651(a) ("the Act"), to require officials at SVSP to provide him sufficient quantities of white lined pleading paper so that he can effectively respond to discovery requests and file documents with the court. ECF No. 87.

The Act permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. "[U]se of the [Act] is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." *Cunningham v. Martinez*, No. 1:19-cv-1508-AWI-EPG (PC), 2021 WL 2549454, at *1 (E.D. Cal. June 22, 2021) (citations omitted). "However, 'injunctive relief under the [Act] is to be used sparingly and only in the most critical and exigent circumstances,' and only 'if the legal rights at issue are indisputably clear.'" *Id.* (quoting *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001)).

Plaintiff has not demonstrated that an injunction is necessary to avoid a clear violation of his legal rights. To be sure, prisons "are required to provide a reasonable supply of paper and envelopes for the indigent inmates so as to permit them access to the courts." *Morgan v. Nevada Bd. of State Prison Comm'rs*, 593 F. Supp. 621, 624 (D. Nev. 1984); *see also Gluth v. Kangas*, 951 F.2d 1504 (9th Cir. 1991). But plaintiff has not sufficiently identified a "critical and exigent" threat to this legal right. He acknowledges that the law library offers up to ten pages of white lined pleading paper per week and that he can purchase a "writing tablet" through the canteen, even when he is on lockdown; nevertheless, he argues that a ten-page weekly allotment is inadequate and states that the "writing tablet" is "colored paper not sufficient for legal purposes." ECF No. 89 at 1-2. In particular, he explains that he must comply with Eastern District Local Rule 130(b), which specifies that paper documents be filed on "white, unglazed opaque paper of good quality with numbered lines in the left margin."

Although plaintiff demonstrates a commendable regard for the local rules, his concerns do

not meet the threshold necessary for an injunction under the Act. Incarcerated pro se litigants are granted significant latitude in the form and appearance of their filings. In the course of this litigation, plaintiff's filings have neither been rejected by this court nor challenged by opposing counsel for failure to comply with E.D. Local Rule 130. Plaintiff is hereby advised that if his weekly allotment of ten pages of lined pleading paper does not suffice, he will be permitted to file documents written on paper that does not strictly comply with the specifications in E.D. Local Rule 130(b).[1]

Plaintiff's invocation of his indigent status is also unavailing. ECF No. 87 at 4. Prison officials deny an indigent prisoner-litigant meaningful access to the courts in violation of the First Amendment when they force the litigant to choose between purchasing essential legal supplies and other essential supplies. *See Gluth*, 951 F.2d at 1508 (holding that an indigency threshold of twelve dollars unconstitutionally forced plaintiffs to choose between legal supplies and hygienic supplies). Although SVSP's policy of requiring inmates to purchase legal supplies whenever they exceed California's indigency threshold of twenty-five dollars raises potential concerns under *Gluth*, *see* Cal. Code Regs. tit. 15, § 3000; SVSP DOM Supplement 101120.10, plaintiff has not shown that he has ever been forced to make such a choice. His two exhibited canteen withdrawal forms indicate that at various times he has had available funds in excess of two hundred and forty dollars, and his forms show bulk purchases of nonessential items, including forty-eight units of soda and twenty-five units of chips. *See* ECF No. 87 at 23; ECF No. 92 at 17. Accordingly, I find that plaintiff has not demonstrated the necessity of injunctive relief under the Act, and I recommend that his motion be denied.

**Motion to Modify of the Scheduling Order**

On March 9, 2022, I granted plaintiff until April 9 to respond to defendants' interrogatories and requests for production; I also modified the October 4, 2021 scheduling order to extend the deadline for the completion of all discovery to June 9, 2022. ECF No. 97. Plaintiff claims that, because of his lack of paper, he was unable to serve his responses before the April 9

---

[1] Plaintiff's filings should adhere to the requirements of the Eastern District Local Rules to the greatest extent reasonably possible and will not be accepted if they are not clearly legible.

deadline and will be unable to meet the June 9 deadline. ECF No. 100. On this basis, he has filed a motion requesting both an extension of the April 9 deadline to respond to defendants' requests and a modification of the scheduling order to extend the June 9 deadline. *Id*.

Because I found that plaintiff has not demonstrated a lack of adequate paper, he has not demonstrated good cause to extend the June 9 deadline for the completion of discovery. I will therefore deny plaintiff's motion to modify the scheduling order. However, because his motion for injunctive relief remained pending as the April 9 deadline passed, plaintiff's failure to meet that deadline is reasonable. Accordingly, I will grant him one final extension of time to respond to defendants' interrogatories and requests for production. Plaintiff will be ordered to respond to defendants' interrogatories and requests for production within thirty days from the date of this order.

**Motion for Protective Order**

Last, plaintiff seeks a protective order to prevent the discovery of his medical records and to prevent defendants from asking deposition questions about his medical history. ECF No. 93 at 2. He would prefer that his "multiple unpredictable mental health problems" remain confidential from custodial officers and argues that questions about his medical history will "annoy or embarrass" him. *Id.* He adds that the records sought in connection with his deposition are confidential and should be shielded under federal law and state privacy protections. *Id*.

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "[A] party may move to terminate or limit [a deposition] on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." *Id.* at 30(d)(3). A motion for a protective order pursuant to Rules 30(d) and 26(c) "must be supported by good cause and a strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Plaintiff has not met that standard. He placed his medical records and mental health at issue by alleging that defendants were deliberately indifferent to his serious medical needs and by claiming damages for mental or emotional distress. *See* ECF No. 49 at 6-14. Accordingly, his medical records and evidence of his mental health are relevant and within the scope of discovery, and his conclusory allegations that defendants seek such records in bad faith or for improper purposes are unsubstantiated. *See Gonzalez v. Marks*, No. 1:07-CV-00949, 2009 WL 179779, at *3 (E.D. Cal. Jan. 26, 2009) (holding that because the plaintiff "placed his mental health at issue by, among other things, seeking damages for emotional distress and mental anguish, [his] mental health records are relevant and discoverable"). For the same reason, any privilege or privacy right that plaintiff may have with respect to his medical records has been waived. *See Prescott v. Cnty. of Stanislaus*, No. 1:10-CV-00592-OWW, 2011 WL 2119036, at *2 (E.D. Cal. May 23, 2011) (holding "the patient-physician privilege is waived where the patient's specific medical condition is placed into issue by the patient"). Therefore, I find that defendants should have access to the requested information, and I will deny plaintiff's request to limit the scope of the deposition or to prevent the discovery of his medical records.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to modify the scheduling order and for an extension of time is granted in part and denied in part as follows:

a. the motion is denied as to plaintiff's request to modify the scheduling order;

b. the motion is granted as to plaintiff's request for an extension of time respond to defendants' discovery requests; and

c. plaintiff shall serve response to defendants' interrogatories and requests for production within thirty days of the date of this order.

2. Plaintiff's motion for a protective order, ECF No. 93, is denied.

3. Plaintiff shall submit to an oral deposition at a time determined by the parties and, if requested, shall produce his medical records.

Further, it is RECOMMENDED that plaintiff's motion for injunctive relief, ECF No. 87, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:  April 26, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE