UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS,<br><br>        Plaintiff,<br><br>    v.<br><br>J. BAL, *et al.*,<br><br>        Defendants. | Case No. 2:13-cv-02145-MCE-JDP (PC)<br><br>ORDER THAT:<br><br>(1) PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS IS GRANTED;<br><br>(2) DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER IS GRANTED;<br><br>(3) PLAINTIFF'S MOTIONS FOR COURT ORDER AND FOR RETURN OF LEGAL PROPERTY ARE DENIED;<br><br>(4) DEFENDANTS' MOTION FOR TERMINATING SANCTIONS IS DENIED WITHOUT PREJUDICE; AND<br><br>(5) PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL IS DENIED WITHOUT PREJUDICE<br><br>ECF Nos. 102, 104, 108, 113, 118, & 123 |

      Pending before the court are various motions related to discovery. On April 27, 2022, I denied plaintiff's request for an extension of time and directed him to submit his written responses to defendants' discovery requests by June 9, 2022. ECF No. 101 at 4. Since then, plaintiff has failed to serve his responses on defendants and, on September 7, 2022, defendants

1

moved for terminating sanctions. ECF No. 118. I will deny that motion without prejudice and direct plaintiff to file his responses within thirty days of the date of this order's entry. If he fails to do so, defendants may renew their motion, and I will then recommend that this action be dismissed.

Also pending are motions filed by plaintiff to withdraw his previously deemed admissions, for orders directing the return of his legal materials, and for appointment of counsel. ECF Nos. 102, 108, 113, & 123. I will grant his motion to withdraw deemed admissions and deny his other motions. Finally, I will grant defendants' motion to extend discovery and the deadline for dispositive motions. ECF No. 104.

## Motion for Terminating Sanctions

Defendants argue that terminating sanctions against plaintiff are appropriate because he has repeatedly failed to serve written responses to their discovery requests. ECF No. 118-1. I agree that plaintiff has failed to fulfill his discovery obligations, but terminating sanctions are premature. In determining whether to impose terminating sanctions, I consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). In considering the fifth factor, the availability of less drastic sanctions, the Ninth Circuit, in evaluating the actions of a district court, considers three subparts: "whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Valley Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). Here, none of those subparts may be answered in the affirmative, and thus I find terminating sanctions against the *pro se* plaintiff inappropriate at this time. I consider the most crucial of these to be the warning about possible dismissal; this order shall constitute that warning. If plaintiff does not meet his discovery obligations within thirty days of this order, I shall find terminating sanctions appropriate and recommend dismissal.

Defendants' motion is denied without prejudice. If plaintiff fails to serve his written

responses within thirty days, they may renew their motion. In granting plaintiff a final thirty days to submit his responses, I find it appropriate to grant defendants' motion to modify the scheduling order, ECF No. 104. The dates provided by defendants in that motion no longer serve, however. Discovery, including the filing of any motions to compel, must be completed by January 6, 2023. All dispositive motions should be filed by April 7, 2023.

### Motion to Withdraw Admissions

Plaintiff has filed a motion seeking to withdraw any admissions that were deemed true by his failure to answer defendant's requests for admission. ECF No. 102. In light of my order that plaintiff shall submit all discovery responses within thirty days of this order, he should also include his answers to those requests for admission. He is warned that failure to submit his answers will result in any admissions being deemed true, if terminating sanctions are not imposed.

### Motions for Return of Legal Property and Access to Medical Records

Plaintiff has filed two motions seeking the return of legal property, access to the prison law library at Mule Creek State Prison ("MCSP"), and access to his medical records. ECF Nos. 108 & 113. The custodians of those resources are not, as best I can tell, parties to this case. Thus, I will not grant plaintiff's motions. He may, however, show this order to the appropriate officials at his institution and remind them that he is engaged in active litigation. Additionally, I will direct that a copy of this order be sent to the litigation coordinator at MCSP.

### Motion for Appointment of Counsel

Plaintiff requests appointment of counsel based on his difficulties in discovery, health issues, and his limited ability to access the law library. ECF No. 123. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent him, *see Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel

only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). Plaintiff has not demonstrated that these factors weigh in favor of appointing him counsel, and his motion is therefore denied.

It is ORDERED that:

1. Plaintiff's motion to withdraw admissions, ECF No. 102, is GRANTED. Plaintiff shall serve responses to defendants' request for admissions, interrogatories, and requests for production within thirty days of the date of this order.

2. Defendants' motion to modify the scheduling order, ECF No. 104, is GRANTED. Discovery, including the filing of any motions to compel, must be completed by January 6, 2023. All dispositive motions should be filed by April 7, 2023.

3. Defendants' motion for terminating sanctions, ECF No. 118, is DENIED without prejudice.

4. Plaintiff's motions for return of legal property, law library access, and medical records, ECF Nos. 108 & 113, are DENIED.

5. Plaintiff's motion for appointment of counsel, ECF No. 123, is DENIED.

6. The Clerk of Court is directed to send a copy of this order to the litigation coordinator at Mule Creek State Prison.

IT IS SO ORDERED.

Dated:   November 29, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE