UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS, | Case No. 2:13-cv-02145-MCE-JDP (HC) |
| Plaintiff, | ORDER |
| v. | |
| J. BAL, *et al.*, | |
| Defendants. | |

Pending before me are numerous discovery motions filed by both parties, which I address below.

### Plaintiff's Motion for Legal Envelopes

On January 11, 2023, plaintiff filed a motion asking that defendants provide an informal response to his allegation that prison officials denied his request for legal envelopes. ECF No. 134 at 4. He also appears to request injunctive relief directing officials to provide him with envelopes. *Id.* at 3. Defendants responded, arguing that legal envelopes were available at the canteen or mailroom at Mule Creek State Prison. ECF No. 135 at 2. Since the motion for envelopes was filed, plaintiff has submitted numerous filings in this case, indicating that his ability to litigate has not been diminished. *See, e.g.*, ECF Nos. 144, 147, & 151. Accordingly, plaintiff's motion for envelopes is denied. If legal materials remain at issue and plaintiff desires injunctive relief, he may file a properly supported motion for injunctive relief.

1

**Defendants' Motions to Compel and for Terminating Sanctions**

    **A. Sahota's Motion for Terminating Sanctions**

Defendant Sahota filed a motion for terminating sanctions based on plaintiff's failure to fulfill his discovery obligations. ECF No. 137. The motion was filed on March 2, 2023, and argued that plaintiff had, to date, failed to respond to Sahota's interrogatories and requests for production that were served in January 2022. ECF No. 137-1 at 2. She also notes that she and the other defendants were forced to cancel a deposition for plaintiff that was scheduled on March 4, 2022, because they had not received those discovery responses from plaintiff. *Id.*

On November 20, 2022, I denied defendants' first motion for terminating sanctions and ordered defendant to submit his outstanding discovery responses within thirty days. ECF No. 128. All defendants filed motions for terminating sanctions at that time, ECF Nos. 118 & 119, but it appears that defendant Sahota's was not identified as in need of resolution by the Clerk of Court. As such, my order discussed Bal's motion alone,[1] and plaintiff was not given a warning as to the potential consequences should he fail to serve responses to Sahota's discovery requests. And defendant Bal notes that, at least with respect to the discovery at issue in his motion, plaintiff did turn in responses, though their alleged insufficiency is now the subject of a motion to compel. ECF No. 138-1 at 5. Accordingly, I find that I have not directly and explicitly warned plaintiff of the consequences of failing to turn in his responses to defendant Sahota, and terminating sanctions are not yet appropriate and this motion is denied without prejudice. Plaintiff is warned that if he does not submit responses to all of Sahota's outstanding discovery within thirty days of this order's entry, I may consider terminating sanctions appropriate and may be inclined to recommend granting a renewed motion from defendant Sahota.

---

[1] I refer to the relevant filing as Bal's motion by way of shorthand, but it was filed by Bal, Hamkar, Moghaddam, Daye, and Bodenhamer. Sahota filed her motion separately.

**B. Bal's Motion to Compel and Modify Schedule, or Alternatively for Terminating Sanctions**

Defendants, Bal, Hamkar, Bodenhamer, Daye, and Moghaddam note that plaintiff was ordered to serve responses to their outstanding discovery requests in November 2022. ECF No. 138-1 at 6. Plaintiff submitted responses to those requests in late December, but defendants contend that those responses were incomplete and contained meritless and untimely objections. *Id.* I have reviewed the discovery items at issue and agree that plaintiff's objections were meritless. I will order him to supplement his responses, and I will modify the scheduling order.

### i. Interrogatories

There are seven interrogatories at issue. Interrogatories one, two, and three relate to plaintiff's exhaustion of administrative remedies. Number one asks him to identify by log number all inmate appeals that he believes exhausted his claims in this action. *Id.* at 8. Number two asks if, for each claim, plaintiff exhausted a grievance through the third level of administrative review. *Id.* Number three asks, if the answer to the second interrogatory was "no," that plaintiff explain in detail why he did not obtain a third level decision. *Id.* Plaintiff objected to each of these interrogatories as "vague and ambiguous," and broadly claimed that the appeals process was inadequate. These answers are inadequate. First, there is nothing vague or ambiguous about these interrogatories. Second, plaintiff's claims about the adequacy of the procedure are inapposite as to interrogatories one and two. If the adequacy of the procedure was a reason for why he did not fully exhaust, as asked after in the third interrogatory, it behooves him to explain that inadequacy.

Interrogatories four and five relate to the specific instances of alleged deliberate indifference at issue in this case. Interrogatory number four asks plaintiff to identify each date on which a defendant was allegedly deliberately indifferent to his serious medical needs. *Id.* at 9. Interrogatory number five requested that, for each date identified in interrogatory number four, describe how the defendant was deliberately indifferent. *Id.* Again, plaintiff objected to these interrogatories as "vague and ambiguous." *Id.* These objections are, again, meritless. And plaintiff did not offer specific, meaningful answers to these interrogatories. He provided no

1  specific dates at all with respect to the fourth interrogatory and, as to the fifth, he stated only that
2  they were deliberately indifferent to his "complaints of pain, 7362s, and problems and
3  disregarding my 602's and permanent chronos." *Id.* This answer is insufficient insofar as it does
4  not offer sufficient detail as to defendants' medical interactions with plaintiff. The interrogatory
5  sought each date set forth in interrogatory number four, not a vague and generalized assertion that
6  all defendants ignored his unspecified medical issues.

7  Interrogatories six and seven ask plaintiff to identify the amount and category of damages
8  he seeks from each defendant and how those amounts and categories were calculated. As before,
9  plaintiff objected to these interrogatories as vague and ambiguous. ECF No. 138-2 at 47. He did
10 not provide a numeric answer for either question, but did claim that he did not understand the
11 question and that his damages would be "fixed to the degree of injuries and pain [he] suffered . . .
12 ." *Id.* These objections are meritless; only plaintiff can answer what dollar amount he believes
13 would compensate the injuries and pain he allegedly suffered. He is directed to supplement his
14 answers to both interrogatories with numeric answers and information as to how those numbers
15 were calculated.

16                     **ii.      Requests for Production**

17    There are four document requests at issue. First, each of the defendants (Bal, Hamkar,
18 Bodenhamer, Daye, and Moghaddam) sought documents related to his administrative appeals.
19 ECF NO. 138-2 at 66-67. Plaintiff objected to this request as "overbroad, vague and ambiguous
20 as to time and scope and harassing as [he] is unable to search his files . . . ." *Id.* at 67. These
21 objections are meritless. Being unable to search his files might excuse a lack of production, but it
22 would not make the request harassing. Additionally, it would obligate plaintiff to supplement his
23 response as soon as his files become available to him. Plaintiff did offer, without waiving his
24 objections, a declaration and some "responsive documents." *Id.* As noted by defendants,
25 however, plaintiff did not provide any inmate appeals documents that would be responsive to this
26 request. Accordingly, he is directed to supplement this response and to include any relevant
27 administrative appeal documents, including any that come into his possession in the future.
28

4

Second, each of the aforementioned defendants sought documents that plaintiff might rely on to support his claims of deliberate indifference. Plaintiff's objections that these requests were overbroad, vague, and ambiguous are meritless. He also claimed that defendants had equal access to his medical files. This may be, but, as defendants point out, plaintiff best understands his own claims and which documents he intends to offer in support of them. Finally, plaintiff did produce some documents, but failed to indicate which were responsive to this request. Accordingly, he is directed to supplement this response. He must produce all responsive documents and, to the extent that some or all have already been produced, he should explain which are responsive to this request.

The third request sought documents related to plaintiff's claims and calculations of damages. Plaintiff levied the same objections to this request—vague, ambiguous, overbroad, and equally within defendants' access. These are rejected. The request is neither vague, nor ambiguous, nor overbroad. Moreover, only plaintiff knows what, if any, documents he relied on in arriving at his request for damages.

Fourth, each defendant sought "any declarations or statements you may rely on to support your claims against" that defendant. Plaintiff offered the same objections, but indicated that responsive documents were attached. He did not specify which documents were responsive to each request, however. He is once again informed that his objections are meritless and that any documents withheld on the basis of those objections should be produced.

### iii. Requests for Admission

There are three requests for admission at issue. The first asked plaintiff to admit that he was an inmate at CSP-Sacramento from September 29, 2011, to May 26, 2014. Plaintiff responded by admitting that he "was an inmate confined at CSP-Sacramento throughout the duration of the suit." ECF No. 138-2 at 99. Defendants argue this response is evasive and non-sensical given that the suit is ongoing and that plaintiff is not currently housed in that institution. Plaintiff is directed to admit or deny the specific statement that has been put to him. Plaintiff is warned that his general evasiveness could be viewed as a failure to act in good faith during discovery, and that further failures to comply with his discovery obligations may make

5

terminating sanctions against him appropriate.

The second request asks plaintiff to admit that the appeals process was available to him while he was an inmate at CSP-Sacramento. Plaintiff objected to this request as vague and ambiguous as to the meaning of "appeals process." *Id.* at 100. He also argued that the admission was not relevant to the claims or defenses of any party. *Id.* Confoundingly, plaintiff then admitted that an appeals process was available to him while he was an inmate at CSP-Sacramento, but argued that an adequate medical appeals process was not available because its use never produced a successful outcome for the inmate. *Id.* This request is deemed admitted. Defendants were inquiring whether the appeals process was capable of use, up to and through the final level of review. They were not asking about its efficacy in granting prisoners the review they seek or whether most, or even all, specific prisoner requests made through the system were denied.

Third, plaintiff is asked whether he used the inmate appeals process while at CSP-Sacramento. He offered his usual stable of objections before admitting that he used the process. As discussed previously, these objections are meritless, and this request is deemed admitted.

### iv.   Modification of the Scheduling Order, Request for Terminating Sanctions, Plaintiff's Miscellaneous Discovery Motions

I will deny defendants' request for terminating sanctions. I agree that plaintiff's responses were, on the whole, lacking and that his repeated objections are not well received. Nevertheless, given that he did offer responses, I am not inclined to recommend terminating sanctions at this time. If he fails to supplement his responses as directed, I may recommend that this action be dismissed.

I will modify the scheduling order to accommodate the need for continued discovery. The new deadline for completion of discovery, including any depositions and motions to compel, is August 21, 2023, and the new deadline for dispositive motion is October 21, 2023. This extension of discovery is for the limited purpose of allowing defendants to complete discovery that is already outstanding and rescheduling any deposition that was previously cancelled because of plaintiff's delay in serving his responses. Given the age of this case, I am not inclined to allow

any party to serve new discovery requests. Accordingly, plaintiff's motions to reopen and to extend time for discovery, ECF Nos. 142 & 151, are denied. Finally, plaintiff's motion for protective order and for subpoenas, which seeks a protective order relieving him of his obligations to respond to defendants' discovery requests, is denied. ECF No. 152.

### Plaintiff's Motion for Sanctions

Plaintiff has filed his own motion for sanctions, arguing that defendants' recent filings accusing him of failing to fulfill his discovery obligations are frivolous. ECF No. 144. This motion is denied. The record shows that plaintiff has routinely shirked his discovery obligations and that motions to compel and for sanctions have been necessary to compel his participation.

### Defendants' Motion to Strike Plaintiff's Request for Judicial Notice

Defendants move to strike plaintiff's request for judicial notice, ECF No. 165. The request for judicial notice is related to the now-cancelled June 8, 2023 hearing. *Id*. at 1. Accordingly, I decline to take judicial notice of the documents offered by plaintiff and deny defendants' motion to strike as moot.

### Plaintiff's Motions for Ruling, Nunc Pro Tunc and to File Sur-Reply

Plaintiff brings a motion asking me to rule on factors related to the withdrawal of his admissions, which I permitted in my November 2022 order. ECF No. 170 at 1. He argues that such ruling is necessary because defendants are seeking discovery sanctions and arguing that his discovery objections were waived based on that withdrawal. *Id.* at 1-2. This motion is denied. I have already denied defendants' motions for sanctions and have determined that all of plaintiff's discovery objections were meritless, regardless of whether they were waived.

Plaintiff has also filed two motions to file a sur-reply to defendants' motion to compel. ECF Nos. 171 & 174. Defendants have opposed both. ECF Nos. 176 & 182. Neither provides a compelling reason to allow plaintiff to file a sur-reply or to reconsider the rulings I have made on that motion above. They are denied.

Accordingly, it is ORDERED that:

1. The motions at ECF Nos. 134, 142, 144, 151, 152, 167, 170, 171, & 174 are DENIED for the reasons explained in this order.

7

      2.       Defendant Sahota's motion for terminating sanctions, ECF No. 137, is DENIED without prejudice. Plaintiff is directed to serve all outstanding responses to Sahota's discovery requests within thirty days of this order's entry.

      3.       Defendant Bal's motion to compel, to modify scheduling order, and for terminating sanctions, ECF No. 138, is GRANTED in part. As explained in this order, plaintiff is directed to supplement his responses to all discovery requests, except the second and third requests for admission, which are deemed admitted. The scheduling is modified as follows: the deadline for completion of discovery, including any depositions and motions to compel is extended to August 21, 2023, for the limited purpose of allowing defendants to complete discovery that is already outstanding and rescheduling any deposition that was previously cancelled; and the deadline for dispositive motion is extended October 21, 2023. The request for terminating sanctions is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   July 11, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE