UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS,<br><br>Plaintiff,<br><br>v.<br><br>J. BAL, *et al*.,<br><br>Defendants. | No.  2:13-cv-02145-MCE-JDP (PC)<br><br><br><br>ORDER |

Plaintiff requests that the court appoint counsel or a guardian ad litem. ECF No. 185. He argues that either counsel or a guardian ad litem is required because he has suffered adverse consequences from his mental health issues and his medication has made it difficult for him to litigate.

Pursuant to Rule 17(c)(2) of the Federal Rule of Civil Procedure, courts are required to "appoint a guardian ad litem—or issue another appropriate order—to protect . . . [an] incompetent person who is unrepresented in an action." Without counsel, however, a plaintiff may not proceed through a guardian ad litem. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys.").

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an

1

attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

After considering factors for the appointment of counsel, the court finds that there are no exceptional circumstances in this case. Plaintiff has competently litigated this action since he filed it in 2013. Further, the allegations in the complaint are not exceptionally complicated, and plaintiff has not demonstrated that he is likely to succeed on the merits. Since I am not appointing counsel, I also cannot appoint a guardian ad litem.

Accordingly, it is hereby ORDERED that plaintiff's motion for the appointment of counsel or guardian ad litem, ECF No. 185, is denied without prejudice.

IT IS SO ORDERED.

Dated:    July 31, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2