UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. BAL, *et al*.,<br><br>　　　　Defendants. | No.  2:13-cv-02145-MCE-JDP (PC)<br><br>ORDER |

Plaintiff argues in a renewed motion for either the appointment of counsel or a guardian ad litem that he is incompetent and has been prescribed psychotropic and other mental health medication. ECF No. 192. Plaintiff claims that these medications affect his brain, memory, judgment, and cause him "to be unable to adequately represent [him]self." *Id.* For the following reasons, the court denies plaintiff's motion.

**Guardian ad Litem**

Pursuant to Federal Rule of Civil Procedure 17(c)(2), courts are required to "appoint a guardian ad litem—or issue another appropriate order—to protect . . . [an] incompetent person who is unrepresented in an action." A person's capacity to sue is measured by the standard of the law of his domicile, Fed. R. Civ. P. 17(b)(1)—here, California. "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC*

1

1  *v. Stewart*, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal.
2  App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and *In re Sara D.*, 87 Cal. App. 4th 661,
3  666-67 (2001)).

4  The procedure of 17(c)(2) is straightforward. If the court has "substantial questions"
5  about an individual's competency or is presented with "substantial evidence" indicating that an
6  individual may be incompetent, the court should hold a competency hearing. *See Allen v.*
7  *Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005) ("A party proceeding pro se in a civil lawsuit is
8  entitled to a competency determination when substantial evidence of incompetence is
9  presented."); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) ("The preferred procedure
10 when a substantial question exists regarding the mental competence of a party proceeding pro se
11 is for the district court to conduct a hearing to determine whether or not the party is competent, so
12 that a representative may be appointed if needed."). In determining whether a party has provided
13 "substantial evidence" of incompetence, a court may consider declarations from that party, a lay
14 non-party, and a healthcare professional, as well as the party's submitted medical records. *See*
15 *Allen*, 408 F.3d at 1152; *Perry v. Unknown Defendant(s)*, No. cv 6:16-MC-00453-MC, 2017 WL
16 6940702, at *2 (D. Or. Oct. 27, 2017) ("Despite this diversity of potential evidentiary sources, the
17 Ninth Circuit has treated documentation of a party's medical condition as the hallmark
18 'substantial evidence.'"). If the court makes a finding that the individual is incompetent after a
19 hearing, then the court has the authority to appoint a guardian ad litem. *See Davis v. Walker*, 745
20 F.3d 1303, 1310 (9th Cir. 2014) ("Once the court determines that a pro se litigant is incompetent,
21 the court generally should appoint a guardian ad litem under Rule 17(c). But the Rule does not
22 make such an appointment mandatory.").

23 In support of plaintiff's motion, he includes two declarations—one from a fellow prisoner,
24 Joseph Ware, and one from himself—and a single-page form titled "Statewide Psychotropic
25 Medication Consent Form."[1] Ware attests that he has assisted plaintiff with drafting his motions

---

27 [1] Plaintiff's declaration was filed with his previous request for the appointment of counsel
28 or a guardian ad litem, but the court will again consider it in resolving the pending motion. ECF No. 185.

2

1    and pleadings in this case. ECF No. 192 at 2-3. Ware claims that plaintiff told him that he is
2    "behind in the case" and "on the verge of being kicked out of court or having his case dismissed
3    for failure to prosecute." *Id.* at 4. Plaintiff states in his own declaration that he is incompetent
4    and that his medications prevent him from understanding the proceedings. ECF No. 185 at 6.

5        In cases involving similar evidence, district courts have rejected requests for competency
6    hearings. In *Shack v. Knipp*, the district court concluded that the petitioner had not provided
7    "substantial evidence" of incompetence despite having produced the declaration of a fellow
8    inmate and medical records reflecting a diagnosis of schizoaffective disorder. No. 12-cv-794-
9    MMA, 2012 WL 4111652, at *5 (S.D. Cal. Sept. 17, 2012). The court discounted the inmate's
10   declaration "because he did not have the training to determine whether the petitioner could
11   understand and respond to court orders," and noted that the petitioner had failed to submit his
12   own sworn declaration or to provide a letter from a treating psychiatrist. *Id.*

13       In *McElroy*, the court found that the plaintiff had "submitted evidence of incompetence"
14   and "was found by clear and convincing evidence to be gravely disabled and incompetent to
15   refuse medication and he was involuntarily administered psychotropic medication for one year."
16   *McElroy v. Cox*, No. CIV. 08-1221-JM (AJB), 2009 WL 4895360, at *2-*3 (E.D. Cal. Dec. 11,
17   2009). Notwithstanding this finding, the court found "no nexus between [the plaintiff's] mental
18   disorder and his ability to articulate his claims." *Id.* at *3. The court determined that the
19   plaintiff's claim of mental illness was additionally undercut by the fact that his case had survived
20   screening and that he had both successfully opposed the defendants' motion to dismiss and filed
21   two motions for appointment of counsel that had "clarity and the proper arguments." *Id.*

22       After reviewing the declarations, the court finds that neither plaintiff nor Ware's lay
23   statements raise substantial questions about plaintiff's competency. *See Hoang Minh Tran v.*
24   *Gore*, 2013 WL 1625418, *4 (S.D. Cal. Apr. 15, 2013) (declaration from former fellow inmate
25   with no training or qualifications provided little substantial evidence to justify competency
26   hearing); *Johnson v. Gonzalez*, No. 1:09-cv-01264-BAM PC., 2015 WL 1729794, at *3 (E.D.
27   Cal. Apr. 15, 2015) (incompetency standard not met when the plaintiff submitted pro se
28   declaration, declaration from cellmate who was not "qualified to assess [the plaintiff's] mental

competence or thinking processes," medical records showing therapeutic dosages of psychotropic medications, and parole records showing that he was a "slow learner" who had not finished high school).

Plaintiff also asks the court to consider a "Statewide Psychotropic Medication Consent Form." ECF No. 193 at 4. The form indicates that a doctor has prescribed plaintiff Geodon, Trileptal, Buspar, and Clonidine. *Id.* The form does not list a doctor, and the doctor's signature space is blank. *Id.* The form also does not indicate that plaintiff suffers from either common or rare side effects from the medications.

"Nothing in Rule 17 suggests that the mere fact of a mental disability raises a substantial question of mental incompetence." *Kuzmicki v. Hanrahan*, No. 3:17-cv-00342-RCJV PC, 2018 WL 2088745, at *3 (D. Nev. May 4, 2018) (citing *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986)). Moreover, courts have found that records of mental disability are insufficient when they do not evidence a litigant's inability "to comprehend or competently participate in court proceedings." *See Shack*, 2012 WL 4111652, at *5 (medical records reflecting a diagnosis of schizoaffective disorder insufficient to raise substantial question as to capacity to sue, due in part to records being "outdated"); *Thompson v. Virginia*, No. 11-cv-2818-NLS, 2012 WL 1154473, at *2-3 (S.D. Cal. Apr. 4, 2012) (holding the petitioner failed to submit substantial evidence of incompetence because he did not provide medical records from the relevant time period and nothing indicated that he could not understand or respond to court orders). Instead, the Ninth Circuit has explained that a litigant presents substantial evidence of incompetency where the record "establish[es] that he suffers from a mental illness, the mental illness prevents him from being able to understand and respond to the court's order, and he was still suffering from the illness during the relevant time period." *Allen*, 408 F.3d at 1152 (9th Cir. 2005).

Plaintiff's "Statewide Psychotropic Medication Consent Form" does not raise questions about his competency. The single-page form does not identify the dose or frequency of the medications listed, whether the medications are successful in abating plaintiff's illness, whether plaintiff suffers from any side effects, or what mental illness affects plaintiff. Fundamentally, the

4

form does not address whether plaintiff is able to take part in these proceedings and litigate this case. *See Owens v. Clark*, No. 2:15-cv-0982-TLN-KJN (P), 2017 WL 6539639, at *3 (E.D. Cal. Dec. 20, 2017) ("Plaintiff's mental health records provide some evidence that he suffers from a mental health condition, but fail to show plaintiff lacks the ability to articulate his claims pro se. The names of the medications are written on a statewide psychotropic medication consent form which lists various possible side effects; plaintiff does not explain which side effects he suffers, if any, or how such side effects preclude his ability to prosecute this action, if they do."); *Johnson*, 2015 WL 1729794, at *3 (finding that a medical record showing that plaintiff took two 600 mg tablets of Gabapentin three times a day and two 300 mg tablets of Oxcarbazepine every morning did not support a finding of incompetency since the records "merely provide[d] evidence of the frequency, amount and type of medication that Plaintiff [was] currently taking").

Plaintiff cites two cases in support of his motion: *Davis v. Walker*, 745 F.3d 1303 (9th Cir. 2014) and *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d. 1042 (E.D. Cal. 2015). ECF No. 192 at 2. Neither case supports his position. In *Davis*, the Ninth Circuit concluded that the district court abused its discretion by indefinitely staying the case until the plaintiff was found competent. The decision, however, did not concern whether there was substantial evidence of incompetency; the plaintiff's incompetence was undisputed. *Davis*, 745 F.3d at 1305 ("The district court recognized throughout the pendency of both cases that Davis was, and remains, incompetent.").

As for *Yeager*, the court *sua sponte* exercised its "legal obligation" under 17(c) "to consider whether the appointment of a guardian or some other order was necessary to protect [General Yeager's] interests in this case" after the district judge personally observed General Yeager's demeanor and behavior in a court proceeding. *Yeager*, 143 F. Supp. 3d. at 1045-46. Specifically, the district court noted that during an evidentiary hearing, General Yeager failed to testify, call any witnesses, question witnesses, introduce evidence, or make objections, and "expressed confusion when asked whether he would examine any witnesses." Further, General Yeager "heavily relied" on his wife's assistance during the hearing, and at times repeated her responses to the court. *Id.* at 1045.

Here, plaintiff has demonstrated an ability to represent his interests and to understand

court orders notwithstanding his mental health condition.  For example, plaintiff successfully moved for relief from judgment, ECF No. 15, resulting in the court reopening this case, ECF No. 20; sufficiently alleged cognizable claims, ECF No. 50; filed numerous motions for extensions of time, ECF Nos. 26, 29, 32, 39, 41, 43, 44, 47, 83, 87, 96, 130, 142; and successfully defended against motions for terminating sanctions, ECF Nos. 118, 139.  And by no means is this list exhaustive.  Plaintiff has demonstrated that he "understand[s] the nature or consequences of the proceeding." *Golden Gate Way, LLC*, 2012 WL 4482053, at *2. Accordingly, the court finds that plaintiff has not demonstrated substantial evidence to warrant a competency hearing or the appointment of a guardian ad litem pursuant to Federal Rule of Civil Procedure 17(c).

### Appointment of Counsel

The court does not find that appointment of counsel is warranted.  Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court can request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

After considering factors for the appointment of counsel, the court finds no exceptional circumstances here.  Plaintiff has proficiently litigated this action since he filed it in 2013.  The allegations in the complaint are not exceptionally complicated, and plaintiff has not demonstrated that he is likely to succeed on the merits.

Accordingly, it is hereby ORDERED that plaintiff's motion for the appointment of counsel or guardian ad litem, ECF No. 192, is denied without prejudice.

IT IS SO ORDERED.

Dated:   August 11, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE