UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MARVIN GLENN HOLLIS, | Case No. 2:13-cv-02145-MCE-JDP (PC) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | DENYING PLAINTIFF'S MOTION FOR LAW LIBRARY ACCESS |
| J. BAL, *et al.*, | ECF No. 216 |
| Defendants. | **FINDINGS AND RECOMMENDATIONS** |
| | THAT DEFENDANTS' MOTION FOR TERMINATING SANCTIONS BE GRANTED |
| | ECF No. 206 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff, a state prisoner, filed this action in October 2013, alleging violations of his Eighth Amendment rights to constitutionally adequate medical care. Now pending is defendants' motion for terminating sanctions, ECF No. 206, wherein they allege that plaintiff's repeated failures to comply with his discovery obligations warrant termination. I agree and will recommend that this action be dismissed with one caveat: I will enlarge the objection period for these findings and recommendations to forty-five days. Within thirty days of the entry of these recommendations, plaintiff may comply with his discovery obligations. Defendants shall file a

status report before the end of the objections period indicating either that plaintiff has fulfilled his obligations or that he has failed to do so. If plaintiff submits the required discovery, I will withdraw these recommendations; if he does not, they will be submitted to the district judge. I will also deny plaintiff's motion for access to the law library. ECF No. 216.

### I. Terminating Sanctions

**Procedural History**

This is not plaintiff's first brush with terminating sanctions. I first denied a motion for terminating sanctions from defendants on November 30, 2022. ECF No. 128. Therein, defendants argued that plaintiff had failed to respond to their written discovery that was served in October 2021. ECF No. 118-1 at 2. Then on July 12, 2023, I denied defendant Sahota's motion for terminating sanctions. ECF No. 184. In that motion, Sahota argued that plaintiff had failed to respond to her discovery requests and interrogatories that were served on him in January 2022. ECF No. 137-1 at 2. In both denials, I warned plaintiff that despite my reluctance to impose the most extreme sanction available, his repeated unwillingness to fulfill his discovery obligations would leave me no choice. ECF No. 128 at 3; ECF No. 184 at 2.

In my July 12, 2023 order, I ordered plaintiff to supplement his responses to seven of interrogatories, four requests for production, and three requests for admission, ECF No. 184 at 3-6, and granted him an extension until December 19, 2023 to do so, ECF No. 205. Defendants contend that, despite these generous allowances, plaintiff has failed to comply with my order. ECF No. 206-1 at 4.

Plaintiff has filed an opposition to the current motion for terminating sanctions and therein argues that he mailed the relevant supplemental discovery on September 11, 2023. ECF No. 211 at 5, 16 ¶ 4. Defendants, however, have shown this to be false by providing plaintiff's mail logs. ECF No. 212-1 at 5. Plaintiff also vaguely references a brief hospital stay and a prison lockdown as reasons for his failure to comply with discovery, but neither is a satisfactory excuse, particularly where his intransigence has been nearly constant in this now-more-than-a-decade-old case.

**Analysis**

I now find terminating sanctions appropriate. As before, I weigh five factors in determining whether this heavy sanction is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Additionally, only willfulness, bad faith, and fault will justify terminating sanctions. *Id.* There is, in my view, no question that plaintiff is willfully refusing to engage fully in discovery with defendants. I explicitly ordered him to supplement his discovery and granted him an extension of time to do so. Defendants have stated that that he failed to do so. Moreover, his mail logs indicate that his claim that he mailed discovery on September 11, 2023 was knowingly false.

The first factor, the public's interest in expeditious resolution of litigation, weighs in favor of terminating sanctions. Plaintiff's refusal to timely and willingly comply with his discovery obligations has delayed resolution of this case. This case is now more than a decade old and much of the litigation time has been spent dealing with plaintiff's refusal to shoulder his discovery obligations. More broadly, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor, the court's need to manage its dockets, also favors dismissal. Plaintiff's failure to comply with his discovery obligations has caused the case to be delayed, required the court to expend judicial resources on issues not related to the substance of plaintiff's claims, and injected a substantial degree of uncertainty into the course of this litigation. *See Patagalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("Arguably, Pagtalunan's petition has consumed some of the court's time that could have been devoted to other cases on the docket. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as Pagtalunan.").

The third factor, risk of prejudice to defendants, also favors dismissal. "In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the

1   defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."
2   *Malone v. U. S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987).  That is undoubtedly the case
3   here, where plaintiff's failure to comply with his discovery obligations has impaired defendants'
4   ability to prepare for trial and prepare dispositive motions.  *See, e.g.*, *Chism v. National Heritage*
5   *Life Insurance Co.*, 637 F.2d 1328, 1331 (9th Cir. 1981) (overruled on other grounds in *Bryant v.*
6   *Ford Motor Co.*, 844 F.2d 602, 605 (9th Cir. 1987)) ("Disregard of the discovery process
7   deprived the defendant of needed information, increased its litigation expenses and forestalled its
8   preparation for trial.").

9   The fourth factor, public policy favoring disposition on the merits, cuts, as always, against
10  terminating sanctions.  It lends little support, however, to a litigant who, by their own behavior,
11  has impeded disposition on the merits.  *See In re: Phenylpropanolamine (PPA) Prods. Liab.*
12  *Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("Thus, we have also recognized that this factor lends
13  little support to a party whose responsibility it is to move a case toward disposition on the merits
14  but whose conduct impedes progress in that direction.") (internal quotation marks omitted).  That
15  is, for the reasons explained above, the case here.

16  Finally, the fifth factor, the availability of lesser sanctions, also weighs in favor of
17  dismissal.  Monetary sanctions would be ineffective where, as here, plaintiff is already
18  proceeding *in forma pauperis*.  Nor would any form of evidentiary sanction appear sufficient to
19  deter plaintiff's continued intransigence.  Most importantly, plaintiff was previously and
20  explicitly warned that continued shirking of his discovery obligations might result in this
21  outcome.  *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001) ("[W]e have held that
22  a judge's warning to a party that a future failure to obey a court order will result in default
23  judgment can itself suffice to meet the consideration of alternatives requirement.").

24  **II.      Motion for Access to the Law Library**

25  Also pending is plaintiff's motion for law library access wherein he alleges that he needs a
26  court order directing prison officials to give him access to the law library to prosecute this case.
27  ECF No. 216.  I decline to constrain prison officials' authority to manage their operations.
28  Plaintiff may present this order to the proper officials to show that he is litigating a case in federal

court and remind them of his constitutional right to access the courts. The motion is denied without prejudice.

Accordingly, it is ORDERED that plaintiff's motion for access to the law library, ECF No. 216, is DENIED without prejudice.

Further, it is hereby RECOMMENDED that:

1. Defendants' renewed motion for terminating sanctions, ECF No. 206, be GRANTED and this action be dismissed as sanction for plaintiff's failure to comply with his discovery obligations.

2. As stated above, plaintiff shall have a final opportunity to fulfill his discovery obligations. He must do so within thirty days of the entry of these recommendations. Before the objection period ends, defendants shall file a status report indicating whether he has complied within the thirty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 17, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5