UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS, | Case No. 2:13-cv-2145-DC-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| J. BAL, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, filed this action in October 2013, alleging violations of his Eighth Amendment rights to constitutionally adequate medical care. On July 17, 2024, I recommended that defendants' renewed motion for terminating sanctions, ECF No. 206, be granted based on plaintiff's repeated failure to discharge his discovery obligations, ECF No. 220. The district judge adopted those findings over plaintiff's objections on September 30, 2024. ECF No. 232. Then, on November 6, 2024, plaintiff filed a motion to alter or amend judgment, ECF No. 234, offering various excuses for his failure to complete discovery and arguing that he complied with my orders in part.[1] Defendants filed an opposition, ECF No. 236, and plaintiff filed a reply, 239. Plaintiff's motion to amend or alter judgment should be denied.

---

[1] The district judge referred the motion to the undersigned. ECF No. 241.

**Procedural History**

Plaintiff has a long history of shirking his discovery obligations. Three years ago, defendants argued plaintiff had failed to respond to their written discovery that was served in October 2021. ECF No. 118-1 at 2. I denied a motion for terminating sanctions from defendants associated with that failure in November 2022. ECF No. 128. Then, on July 12, 2023, I denied defendant Sahota's motion for terminating sanctions. ECF No. 184. In that motion, Sahota argued that plaintiff had failed to respond to her discovery requests and interrogatories that were served in January 2022. ECF No. 137-1 at 2. In each of these denials, I warned plaintiff that despite my reluctance to impose the extreme sanction of dismissal, his repeated unwillingness to fulfill his discovery obligations would eventually leave me no choice. ECF No. 128 at 3; ECF No. 184 at 2.

In conjunction with the denial of Sahota's motion for terminating sanctions, in my July 12, 2023 order I directed plaintiff to supplement his responses to seven interrogatories, four requests for production, and three requests for admission, ECF No. 184 at 3-6, and granted him an extension until December 19, 2023 to do so, ECF No. 205. When he failed to comply with my order, defendants filed another motion for terminating sanctions. ECF No. 206. Plaintiff filed an opposition to the that motion and argued that he mailed the relevant supplemental discovery on September 11, 2023. ECF No. 211 at 5, 16 ¶ 4. Defendants provided plaintiff's mail logs, which showed that statement to be false. ECF No. 212-1 at 5. Based thereon, I recommended that terminating sanctions be granted, and those recommendations were adopted. ECF Nos. 220, 232.

**Analysis**

Plaintiff's motion to amend or alter judgment re-asserts excuses he previously made in hopes of excusing prior failures to participate in discovery. He argues that, between 2009 and 2012, staff across the California Department of Corrections and Rehabilitation had a "history" of not sending or logging prisoner mail—but the referenced period is not at issue in this action. ECF No. 234 at 3. Plaintiff appears to suggest that this is evidence of a systematic and longstanding problem with prisoner mail. In conjunction with this argument, he claims that he did mail

1 discovery responses to defendant Sahota,[2] and that their untimeliness was, again, attributable to
2 flaws in the prison mail system. *Id.* at 4. Plaintiff claims that he cannot serve the remaining
3 outstanding discovery because of those same flaws. *Id.* at 5.

4     Plaintiff's arguments might have some persuasive power if plaintiff's issues with
5 discovery compliance were limited to a single instance of missing mail or delay. But defendants
6 have sought to obtain plaintiff's compliance for the better part of three years. And many other,
7 similarly situated inmates have used the same prison mail system to litigate cases in this district
8 without experiencing the issues plaintiff references. At the time of closing, this case was nearly
9 eleven years old, and much of that time had been devoted to litigation surrounding plaintiff's
10 failure to participate in discovery.

11     A motion to amend or alter judgment under Rule 59(e) "offers an extraordinary remedy, to
12 be used sparingly in the interest of finality and conservation of judicial resources." *Kona*
13 *Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). A
14 grant is warranted only in four circumstances: "(1) if such motion is necessary to correct
15 manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to
16 present newly discovered or previously unavailable evidence; (3) if such motion is necessary to
17 prevent manifest injustice; or (4) if the amendment is justified by an intervening change in
18 controlling law." *Allstate Insurance Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation
19 omitted). Plaintiff has failed to identify any of these circumstances in this case.

20     Similarly, if plaintiff's motion is construed as one for reconsideration under Rule 60(b), it
21 also fails. To succeed, he must show one of the following elements:

22     (1) Mistake, inadvertence, surprise, or excusable neglect;

23     (2) Newly discovered evidence that, with reasonable diligence,
24     could not have been discovered in time to move for a new trial under Rule 59(b);

25     (3) Fraud . . . , misrepresentation, or misconduct by an opposing
26     party;

---

[2] This partial compliance was insufficient. Moreover, this information was known to the court at the time it entered terminating sanctions. ECF No. 229. Thus, it does not support alteration or reconsideration of the judgment.

3

    (4) The judgment is void;

    (5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Plaintiff has failed to show any of these elements in his motion.  Instead, his motion indicates only that he disagrees with the court's decision; that is not grounds for reconsideration.  *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision . . .") (internal quotation marks and citation omitted).

  I see neither any basis to revisit the court's decision to impose terminating sanctions nor any reason to think that plaintiff would comply with his discovery obligations if the judgment were vacated and this case reopened.

  Accordingly, I recommend that plaintiff's motion to alter or amend judgment, ECF No. 234, be DENIED.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  August 29, 2025        /s/ Jeremy Peterson
                 JEREMY D. PETERSON
                 UNITED STATES MAGISTRATE JUDGE